FRANCISCO SOTO-GRAS, Plaintiff and Appellee, *v.* NIMACA SHOE FACTORY, Defendant and Appellant.

No. 4151.   Argued January 17, 1927.—Decided February 25, 1927.

Angel A. Vázquez for the appellant. Francisco Soto Gras and Salvador Suau for the appellee.

Mr. Chief Justice del Toro delivered the opinion of the court.

This is an action of unlawful detainer and dismissal of the appeal from the judgment rendered therein is moved for on the ground that the defendant-appellant .did not deposit the rent due at the time of taking the appeal.

According to the motion the action of unlawful detainer was based on failure to pay the rent due on September 30 and October 31, 1926, amounting to three hundred dollars. While the action was pending the rent for November became due. Judgment was rendered in favor of plaintiff and the defendant appealed on the 29th of December, 1926, depositing on the following day the sum of one hundred and fifty dollars corresponding to the current month. Appellee contends that the appellant failed to deposit the overdue rent on the date of the appeal and corresponding to the months of September, October and November of 1926.

If the appellee's contention were true there would be no doubt that this court had not acquired jurisdiction of the appeal, in accordance with the provisions of section 12 of the Unlawful Detainer Act of. 1905. But the appellant contends that it is not true.

Though we admit that this is a peculiar case, we are of opinion that it can not be found from the record that there was failure to comply with the law requiring payment to the lessor or the deposit in his favor of the rent due at the time of taking the appeal.

It should be explained that we are not considering whether

the rent for September and October had been paid in due time. That comes under the merits of the action. What is of account here is whether at the time of the appeal the appellant had paid to the appellee the rent, or had deposited it in his favor, and this appears to be sufficiently proved.

There is included in the record on appeal a certified copy of a letter written by the appellee to the appellant on November 3, 1926, introduced in evidence in the action of unlawful detainer in which, notwithstanding the reservations made, the appellee ends by saying:

"In any case, my intention in accepting the payment of the rent due and not paid .at the proper time is not to renounce thereby my right to evict you and to withdraw the complaint that has been filed, and it is only with this reservation and my intention thus clearly stated that I will accept and cash the check referred to, otherwise I would neither accept nor cash it and would avail myself of an action of debt in opposition to the interest of the corporation, but in defense of my own."

It appears that the appellee had the checks certified, but did not cash them, but he can not say now, after having written that letter, that he did not accept them, nor invoke failure to pay in order to move for dismissal of the appeal.

Payment of the rent for November is also sufficiently shown. It became due during the pendency of the action and before judgment had been rendered. Appellant tried to make payment thereof to the appellee. Being unable to do so, he had recourse to payment by depositing it in the municipal court having jurisdiction by reason of the amount, and there is included in the records of the appeal a certified copy of the ruling of the court that a deposit of one hundred and fifty dollars had been made at the disposal of the appellee in payment of the aforesaid rent for November, and that he had been notified thereof.

Motion to dismiss the appeal must be overruled.